IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 04 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00421-BNB

ERIK ANSTEENSEN,

    Plaintiff,

v.

WARDEN DAVIS, Buena Vista Correctional Facility,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Erik Ansteensen, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado. He has filed *pro se* two prisoner complaints pursuant to 42 U.S.C. § 1983, apparently one of which was intended as a copy to serve on Defendant. He asks for injunctive relief.

The Court must construe Mr. Ansteensen's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Ansteensen has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319,

324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendant has violated his rights under the Constitution and laws of the United States while he acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). For the reasons stated below, the complaints and action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In each complaint, Mr. Ansteensen asserts one claim of a violation of his right to access the courts. He alleges that in January 2009, when he was placed on restricted privileges status, and again from October 2010 to February 2011, he was denied access to five years of legal research and his personal typewriter, allegedly because he failed to work in an area lighted only by florescent lights. He alleges that he suffers from photosensitive epilepsy as a result of traumatic brain injury, and exposure to florescent lighting triggers incapacitating seizures.

To assert a claim for denial of access to the courts Mr. Ansteensen must plead and prove that he was actually impeded in his ability to conduct a particular case. **See Lewis v. Casey**, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. **See Wolff v. McDonnell**, 418 U.S. 539, 576 (1974); **Carper v. DeLand**, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. **Lewis**, 518 U.S. at 349-53.

In **Lewis**, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when

a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither example set forth in **Lewis** is at issue in this action. Accordingly, Mr. Ansteensen has failed to state an actual injury in this action. **See Lewis**, 518 U.S. at 349-53. Therefore, because Mr. Ansteensen fails to allege facts that might support an arguable claim, the complaints will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the complaints and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __4th__ day of ___April___, 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00421-BNB

Erik Ansteensen
Prisoner No. 123736
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 4, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk